UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Thomas E. Perez, Secretary of Labor, United States Department of Labor,<br><br>         Plaintiff,<br><br>  vs.<br><br>Jose Jesus Sanchez, an Individual; Ramon Vega, an Individual; Rafael Arroyo, an Individual; El Patron II, LLC d/b/a El Patron II Mexican Restaurant; Patron Siete, LLC d/b/a El Patron Siete Mexican Restaurant; Patron Cuatro, Inc. d/b/a El Patron IV; and Patron Seis, Inc. d/b/a El Patron Mexican Restaurant,<br><br>         Defendants.<br>_____ | Civil Action No.: 6:14-4326-BHH<br><br><br><br>**Opinion and Order** |

This matter is before the Court on the motion of the Defendants to dismiss the Complaint for failure to state a claim or, in the alternative, for a more definite statement (ECF No. 7). For the reasons set forth below, the Court grants the motion for a more definite statement.

**BACKGROUND**

Plaintiff Thomas E. Perez, the United States Secretary of Labor, filed this action against Rafael Arroyo, El Patron II LLC, Patron Cuatro Inc, Patron Seis Inc, Patron Siete LLC, Jose Jesus Sanchez, and Ramon Vega (collectively "Defendants"). The Complaint alleges that Defendants failed to properly pay their employees by failing to pay minimum wage, failing to pay overtime, and by failing to make and keep adequate

1

and accurate employment records in violation of §§ 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (*See* Compl., 4-5, ECF No. 1.) Defendants filed the instant motion to dismiss on March 12, 2015 (ECF No. 7), Plaintiff responded in opposition on March 30, 2015 (ECF No. 9), and Defendants replied on April 6, 2015 (ECF No. 10). The Court has reviewed these submissions in addition to Plaintiff's Complaint.

## **STANDARD OF REVIEW**

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To show that the plaintiff is "entitled to relief," the complaint must provide "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. In considering a motion to dismiss under Rule 12(b)(6), the Court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 255 (4th Cir. 2009). Notably, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" do not qualify as "well-pled facts." *Id.* On the other hand, "*Iqbal* and *Twombly* do not require a plaintiff to prove his case in the complaint" and "the requirement of nonconclusory factual detail at the pleading stage is tempered by the recognition that a plaintiff may only have so much information at his

2

disposal at the outset." *Robertson v. Sea Pines Real Est. Companies, Inc.*, 679 F.3d 278, 291 (4th Cir. 2012).

## DISCUSSION

Plaintiff's complaint could accurately be described as a general accusation that Defendants violated various provisions of the FLSA with a formulaic recitation of the elements required to establish such violations. "Appendix A" to the Complaint identifies eight (8) individuals who were allegedly employed at Defendants' restaurants on behalf of whom the Complaint seeks damages. While identifying the specific restaurants where these individuals worked, neither Appendix A nor the Complaint specifies which violations apply to which workers, when the violations took place, how much money is owed, or any other details about the violations. Indeed, the Complaint does not contain any allegations that are specific to a particular employee or set of employees.

Here, Plaintiff acknowledges that the Complaint provides minimal detail, but argues that the Secretary's "standard complaint" has been found to be sufficiently detailed to withstand a motion to dismiss. (*See* ECF No. 9 at 2 (citing *Chao v. Rivendell Woods*, 415 F.3d 342, 345 (4th Cir. 2005) and *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)). The Court notes, however, that the authorities cited by Plaintiff predate the Supreme Court's 2009 ruling in *Iqbal*. Plaintiff also argues that Defendants are aware of the facts supporting the allegations of the Complaint from the course of Plaintiff's investigation. Even if that is true, the Defendants are still placed in a somewhat difficult position in terms of admitting or denying the allegations of a complaint. "You know what you did" is not a valid pleading technique.

Courts in this district have held that "[t]o establish a prima facie case of an FLSA violation, a complainant must show as a matter of just and reasonable inference the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA." *Ray v. Bon Secours--St. Francis Xavier Hosp., Inc.*, 2:12-CV-01180-DCN, 2012 WL 4591922, at *2 (D.S.C. Oct. 1, 2012) (quoting *Ekokotu v. Fed. Express Corp.,* 408 F. App'x 331, 340 (11th Cir. 2011)). *See also*, *Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 473 (E.D. Va. 2014) ("[T]he complaint must at least allege approximate wages such that the Defendants will be able to frame a meaningful response."); *Walker v. Serv. Corp. Int'l.,* No. 4:10–cv–00048, 2011 WL 1370575, at *7 (W.D. Va. Apr. 12, 2011) ("[A] wage and hour complaint, whether brought under the FLSA or as a breach of contract action, must at least allege approximate wages.").

This Court is not convinced that such details are required in every case. As it has previously noted, a plaintiff alleging violations of the FLSA need not provide a precise calculation of the alleged wage deficiencies or an exact calculation of the hours worked, particularly where the plaintiff also alleges that the defendant failed to comply with its record keeping obligations. *See Degidio v. Crazy Horse Saloon and Rest., Inc*, 4:13-CV-02136-BHH, 2015 WL 5834280, at *15 (D.S.C. Sept. 30, 2015) ("While the plaintiff does not have her own records or a precise recollection of all of her hours, the Court finds that, in light of the defendant's failure to maintain records of its employees hours, these estimates are sufficient to satisfy her burden to show that the defendant did not adequately compensate her for her work."). However, this does not mean that an FLSA

plaintiff can simply allege that an employer violated the Act without providing any details.

It appears to the Court that Plaintiff could provide a more detailed explanation of its allegations, but has simply declined to do so because it believes that Defendants are already familiar with the relevant facts as a result of the government's investigation. Filing a standard complaint may be a sensible and efficient decision on the Secretary's part given that parties in such actions often resolve the matter by consent and without extensive litigation, and the Court's opinion should not be read to suggest that such complaints are subject to summary dismissal. However, where defendants served with such a complaint seek a more definite statement to allow them to specifically respond to the plaintiff's allegations, the Court is inclined to grant the request. Again, great specificity is not required, but a more definite statement is warranted here.

## CONCLUSION

For the reasons set forth above, the Court grants Defendants' motion in the alternative for a more definite statement. Plaintiff has fourteen (14) days to file a more definite statement as provided under Federal Rule of Civil Procedure 12(e).

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

February 24, 2016
Greenville, South Carolina